MAGEE v. PALMER et al.

(Supreme Court, Appellate Division, Second Department. April 26, 1912.)

COVENANTS (§ 103*)—MUTUAL COVENANTS—BREACH.

An owner of two lots conveyed one of them to a grantee by deed reciting that the grantee agreed not to erect any stable on the lot, and declaring that the owner agreed that no stable would be erected on the other lot, which, when sold, should be subject to the restriction. Subsequently the owner conveyed the other lot without any restriction. *Held,* that the deed created mutual covenants for reciprocal restrictions on the two lots, and the second conveyance without any restriction was a violation of the agreement, and the covenants became unenforceable.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 169; Dec. Dig. § 103.*]

Appeal from City Court of Yonkers.

Action by Daniel Magee against Irene M. Palmer and others. From a judgment of the City Court of Yonkers, dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

William J. Wallin, of Yonkers, for appellant.
Thomas M. Smith, of Yonkers, for respondents.

THOMAS, J. The defendants agreed to sell plaintiff lot No. 180, Woodworth avenue, Yonkers, and the latter sued for the deposit upon the ground that the title was not marketable. One Sanger owned lots Nos. 180 and 182, and in December, 1889, conveyed to one Muller lot No. 180:

"To have and to hold, * * * subject to the express condition and limitation, to which the said party of the second part, for himself, his heirs, executors, and assigns, hereby covenants and agrees, that no stable, public or private, shall be erected or allowed on the land hereby conveyed; and the parties of the first part, for themselves, their executors and assigns, hereby covenant and agree to and with said party of the second part that no stable, public or private, will be erected or.allowed on the adjoining lot No. 182 Woodworth avenue, and that when the said lot No. 182 Woodworth avenue is sold by them, or their heirs, executors, or assigns, that it shall be sold subject to such restriction."

Muller, in 1903, conveyed to one Palmer subject to such restriction, to which the grantee agreed, and the defendants inherited from Palmer. In 1896 Sanger conveyed lot No. 182 to Morrell without restriction and with covenant against incumbrances. Although the restriction upon No. 180 is stipulated in the form .of a condition, yet it is evident that the parties intended to make mutual covenants for reciprocal restrictions on Nos. 180 and 182. Graves v. Deterling, 120 N. Y. 447, 24 N. E. 655; Clement v. Burtis, 121 N. Y. 708, 24 N. E. 1013. In such case, Sanger could not enforce the restriction upon No. 180, if he violated it as to No. 182. When Sanger conveyed No. 182 to Morrell, he violated his agreement. In fact, he and Morrell agreed to disregard the easements, for the conveyance was by a full-covenant deed. Morrell had constructive notice of the restriction, and,

knowing of the obligation of Sanger to restrict No. 182, preferred to take it without restrictions, and with covenants that such restrictions should not exist to disturb his estate. If, then, the owner of No. 180 would erect thereon a stable, the owner of No. 182 could not restrain him, inasmuch as he did not purchase an easement in No. 180 in favor of No. 182, but knew by the very terms of his deed that such easement did not exist, and could not unless No. 182 were subjected to a similar servitude. All this would appear to a proposed purchaser of No. 180 from the deeds, without resort to extrinsic evidence, and establish that the title was marketable.

The judgment should be affirmed, with costs. All concur.